UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HOLLINGSWORTH,

        Plaintiff,                       Hon. Paul L. Maloney

v.                                         Case No. 1:21-cv-303

CITY RESCUE MISSION,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff initiated this action on April 8, 2021, against City Rescue Mission. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper, (ECF No. 4), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim.

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

In his single-page complaint, Plaintiff alleges the following. On October 2, 2019, Plaintiff entered the City Rescue Mission to "check on" two job applications he previously submitted. Plaintiff spoke with Randy Barton who informed Plaintiff that "there was an issue" with his applications regarding "a religious question asking how [Plaintiff] came to Christ." Plaintiff responded that he was "uncomfortable" answering this question and "wasn't really sure how to answer it." Barton suggested

that Plaintiff complete another application, but indicated that he "would not be hired either way." Plaintiff asserts that his rights under Title VII of the Civil Rights Act of 1964 were violated because he was "denied employment over religion."

Plaintiff is correct that Title VII "prohibits employers from refusing to hire an individual based on religion." *Equal Employment Opportunity Commission v. Publix Super Markets, Inc.*, 481 F.Supp.3d 684, 692 (M.D. Tenn. 2020). To prevail on such a claim, Plaintiff must establish: (1) he holds a sincere religious belief that conflicts with an employment requirement; (2) he informed the employer about the conflict; and (3) was not hired because of the conflicting requirement. *Id.* at 693.

Plaintiff's allegations are insufficient to establish any of these elements. First, Plaintiff does not allege that he holds a sincere religious belief that conflicts with any requirement to obtain employment with Defendant. Instead, Plaintiff alleges that he declined to complete Defendant's employment application due to discomfort and indecision. Even if the Court assumes that Plaintiff's decision not to complete the employment application was motivated by a sincerely held religious belief, Plaintiff fails to allege that he communicated such to Defendant or that such was the reason was he was not offered employment. In sum, Plaintiff has failed to allege facts which, even if proven, would entitle him to relief.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: April 19, 2021

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge