UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HOLLINGSWORTH,            )
                Plaintiff,            )
                             )  No. 1:21-cv-303
-v-                              )
                             )  Honorable Paul L. Maloney
CITY RESCUE MISSION,             )
                Defendant.            )
                             )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Robert Hollingsworth filed a civil rights complaint against Defendant City Rescue Mission. The Court granted Plaintiff permission to proceed *in forma pauperis*. Plaintiff filed his complaint without the benefit of counsel.

The Magistrate Judge conducted an initial review of the complaint and issued a report recommending the Court dismiss the lawsuit for failing to allege facts that would provide a basis for any relief. (ECF No. 6.) Plaintiff filed a response in which he requests an opportunity to amend his complaint. (ECF No. 7.) Plaintiff attached a proposed amended complaint. (ECF No. 7-1.)

The Magistrate Judge summarized Plaintiff's complaint as an allegation that he was denied an employment opportunity based on religion, a violation of Title VII. The Magistrate Judge identified two reasons the factual allegations failed to state a claim on which Plaintiff could obtain relief. (PageID.16.) First, Plaintiff did not allege that he held a sincere religious belief that conflicted with any requirement to obtain employment with Defendant. Second, Plaintiff did not allege that he communicated his religious belief to Defendant or

that his failure to communicate his religious belief was the reason Plaintiff was not offered employment.

Plaintiff has not objected to any particular finding or recommendation in the Report and Recommendation. Rather, Plaintiff proposes an amended complaint, in which he attempts to add factual allegations that would overcome the limitations identified by the Magistrate Judge.

Requests for leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). In the complaint, Plaintiff contends he was asked by Defendant to describe "how I came to Christ." (PageID.1; PageID.20.) Plaintiff responded that he was "uncomfortable about answering the question and wasn't really sure how to answer it." (PageID.1; PageID.20.) To address the concerns identified by the Magistrate Judge, Plaintiff adds the following sentences to his complaint:

> Defendant's application process required me to state my religious beliefs and my spiritual beliefs are not such that can be transcribed or articulated. When I communicated this with Mr. Barton I was not allowed to proceed with the application process. Upon information and belief Mr. Barton represents and speaks for defendant and was expressing and applying the policies of the defendant whey they denied me to progress in the process.

(PageID.20.)

Taking the allegations as true, Plaintiff has not alleged facts to show he has a sincerely held religious belief that conflicts with any requirement for employment with Defendant. Our Supreme Court explained that a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it renders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 and 557 (2007)). Plaintiff's allegation that he is unable describe his "spiritual beliefs" is the sort of threadbare conclusory statement that fails to provide necessary details. The Court cannot determine, on these allegations, whether Plaintiff's thoughts or convictions are either "religious" or "beliefs." *See, e.g., Sands v. Dematteis*, No. 19-2275, 2020 WL 2404774, at *3 (D. Del. May 12, 2020) ("Nor does the Complaint even hint what Plaintiff's religious beliefs might be."); *Hopper v. Cty. of Riverside*, No. 18-1277, 2018 WL 6092563, at *9 (C.D. Cal. Nov. 20, 2018) ("Plaintiff's allegations about the denial of group worship are entirely conclusory, as he does not explain . . ., what religious beliefs he holds, . . . ."); *Field v. Beneze*, No. 12-cv-1778, 2013 WL 3898880, at *13 (D. Col. July 29, 2013) ("Plaintiff does not identify what his religion or religious beliefs are, foreclosing any meaningful inquiry into whether his beliefs are religious in nature or sincerely held.") (report and recommendation adopted by the district judge).

Accordingly, the Court **ADOPTS**, as its Opinion, the Report and Recommendation. (ECF No. 6.) The Court **DENIES** Plaintiff's request for leave to file an amended complaint.

**IT IS SO ORDERED.**

Date: May 10, 2021 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge